**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charita Michelle Ford,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Scott Taylor, et al.,<br><br>　　　　　Defendants. | No. CV-21-01982-PHX-GMS<br><br>**ORDER** |

　　　　Pending before this Court is Charita Michelle Ford's ("Plaintiff") Motion (Doc. 37) in which she seeks (1) emergency relief; and (2) the recusal of this Court. For the following reasons, this motion is denied in its entirety.

　　　　This case is in its very early stages. This Court has only held a scheduling conference with the parties, on March 18, 2022. In that conference, it scheduled what it considers to be expeditious discovery; determined from Defendants, one of whom serves as an agent for Plaintiff's landlord, that Plaintiff is apparently under no present risk of eviction; required Defendants to inform Plaintiff promptly if they become aware that the landlord determines to attempt to evict her; further received the avowal from Defendants that options for Plaintiff to pay her rent on-line are operable; and allowed Plaintiff to seek whatever emergency relief she deems justified by way of motion.

　　　　Plaintiff immediately filed the instant motion on the same date as the scheduling conference. It consists of two pages with an attachment that appears to be a ten-day

eviction notice to Plaintiff dated November 15, 2021.  (Doc. 37 at 3.)  The notice is signed by Defendant Christopher R. Walker as an agent for San Villente which is apparently Plaintiff's landlord or a property management company for that landlord.  *Id.*  In any case, San Villente is not a party, nor is the landlord, but Mr. Walker is.  The motion, broadly read, apparently seeks both this Court's recusal and an emergency injunction based on unspecified Treasury regulations.

Plaintiff, however, has failed to establish the requirements for obtaining emergency injunctive relief.  A motion for emergency relief must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings."  *Fidelity Nat. Title Ins. Co. v. Castle*, No. C 11-00896 SI, 2011 WL 5882878, at *3 (N.D. Cal. Nov 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).  As the moving party, the Plaintiff bears the burden of establishing that basis.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Yet Plaintiff bases her motion based only on unverified allegations.

Nor has Plaintiff established each of the four prerequisites for obtaining emergency injunctive relief.  To obtain emergency injunctive relief, a party must demonstrate that she is "likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 22).

Plaintiff, however, has neither named nor included her landlord as a defendant in this action.  But, as her motion acknowledges, the emergency relief she seeks is against her landlord.  "This Motion also ask (sic) for emergency relief and protections afforded by the guidelines 1) of the US Dept of Treasury that *any landlord* receiving ERA funding defer fees even up to 12 months of receipt."  (Doc. 37 at 1) (emphasis added).  In the Rule 16 conference, the Court reviewed with Plaintiff whether she desired to add any entity defendants to her complaint, and she declined to do so.  That is, of course, Plaintiff's choice but this Court cannot enter an effective injunction against Plaintiff's landlord if it is not a defendant to this action.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100,

112 (1969). Absent additional facts, binding a single agent of the Defendant in his personal capacity will not bind the agent's principal. Therefore, the Court is presently without the ability to give Plaintiff the relief she seeks.

Second, assuming, as Plaintiff alleges, that Treasury regulations require any landlord receiving ERA to defer fees up to 12 months, the eviction notice attached by Plaintiff to her motion does not apparently seek to evict Plaintiff based on any assessment of fees against her. Rather it seeks to evict Plaintiff because Plaintiff allegedly harassed her landlord's on-site and corporate personnel with "bad faith and frivolous claims" thus disrupting the landlord's business operations in violation of paragraph 14 of Plaintiff's lease with her landlord. (Doc. 37 at 3.) While the Court, of course cannot know the truth of these allegations, nor the reasons for which Plaintiff may have had dealings with Landlord's employees, Plaintiff's apparent allegation that she was being evicted due to her failure to pay fees and that such an eviction is a violation of Treasury regulations is not sufficiently supported by the evidence presented in her motion.

Nor does Plaintiff bear her burden with respect to the other required elements for obtaining emergency relief. Plaintiff has alleged that ten-day notices were posted on her door on November 15 and November 19, 2021. (Doc. 37 at 2.) The placement of such notices may have been wrongful and Plaintiff may be entitled to an appropriate remedy if it was. But Plaintiff has not provided evidence, nor has she even suggested that such posting has resulted in her actual eviction, nor that such notices continued to be posted past November 19, nor suggested that such notices have a continuing effect that could in any way be alleviated by injunctive relief from this Court. For example, Defendants have avowed to this Court that Plaintiff faces no present risk of eviction. Thus, even if Plaintiff has a right to recover because of such notices, she has not established that she is likely to suffer irreparable harm in the absence of preliminary relief pending the ability to bring this case before a jury if it is appropriate to do so. Nor has Plaintiff established that equities tip in her favor, nor that an injunction is in the public interest.

At the end of her motion, Plaintiff seeks to recuse this Court because it fails, in

Plaintiff's assessment, to accept her assertion that the notice of eviction of November 15 and 19 creates a wrongful eviction of Plaintiff, violates Treasury regulations relating to ERA funding and "creates an inequitable deference for the defendants as this case request (sic) a trial by jury." (Doc. 37 at 2.)  But, for the reasons set forth, Plaintiff has yet to provide admissible evidence, or even specifically identify the law, on which this Court could make the findings she desires.  A party cannot establish bias by pointing to a court's rulings in that party's case. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," nor do "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the . . . proceedings.")  Further, Plaintiff has not been deprived of a jury trial.  Motions for emergency relief pending trial must be evaluated by a judge.  But even when they are denied, they do not prevent a party from obtaining a trial on her claims before a jury if those claims survive the pre-trial proceedings.  The denial of emergency preliminary injunctive relief, without prejudice, does not serve to dismiss Plaintiff's claims.

Nor has Plaintiff satisfied or complied with any of the bases set forth for the disqualification or recusal of a judge. *See, e.g.*, 28 U.S.C. §§ 144, 455.  Therefore, her request for recusal is also denied.

**IT IS THEREFORE ORDERED** denying Plaintiff's motion (Doc. 37).

Dated this 7th day of April, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge