**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charita Michelle Ford,<br><br>  Plaintiff,<br><br>v.<br><br>Scott Taylor, et al.,<br><br>  Defendants. | No. CV-21-01982-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants, Scott Taylor, Jeff Mark, Colin Clark, and Christopher Walker's Motion for Summary Judgment (Doc. 45).  Through Defendants' motion they seek an order dismissing Plaintiff's Complaint and all of her claims.   For the following reasons, the Defendants' motion is granted.  Judgment is entered against Plaintiff on each of her claims and Plaintiff's lawsuit is terminated.

Plaintiff Ford filed no Response to Defendant's Motion.  Nevertheless, "[a] party's mere failure to respond, by itself, does not provide the Court with authority to grant the motion. *Winters v. Country Home Prod., Inc*., 654 F. Supp. 2d 1173, 1179 (D. Mont. 2009) (citing *Evans v. Independent Order of Foresters*, 141 F.3d 931, 932 (9th Cir.1998). Instead, a court must determine "whether there exist genuine issues of material facts which would preclude summary judgment." *Id.* (citing *Cristobal v. Siegel*, 26 F.3d 1488, 1495 n. 4 (9th Cir.1994).  Here, there are not.

In her Complaint, Plaintiff alleges that Defendant Clark, on behalf of non-Defendant Mark Taylor Properties, sent her, as an African-American, "discriminatory retaliatory

unsubstantiated allegations." The only specific included in the Complaint was the allegation that Clark had called her behavior and conduct "uncivilized." The Complaint also refers to allegations concerning "drug-trafficking on the property," and "property management fees," but it is not apparent from the Complaint that the Plaintiff is actually alleging that any of the Defendant made such allegations as to her. There is some further allegation that apparently alleges some denial of access to the onsite rental office, and that arise from an eviction notice or notices placed on Plaintiff's door.

Based on these allegations Plaintiff's Complaint alleges claims for violating the Civil Rights Act of 1964, and the violation of her due process clause rights under the Fifth and Fourteenth Amendments to the United States Constitution. Broadly read, the Complaint may also contain causes of action for violating the Fair Housing Act. Nevertheless, none of these statements are admissible or are offered in admissible form. Even if they were, they are not sufficient to raise a material fact as to any of the claims Plaintiff raises in her Complaint against the various Defendants. Among other things, Plaintiff has failed to name her actual landlord as a Defendant, despite being so advised on several occasions. Further, Plaintiff has offered no evidence suggesting that any of the actually named Defendants are state actors, nor has Plaintiff offered any sufficient issues of fact that demonstrate that she could successfully assert any of her claims against any Defendant. She fails to make any allegations at all as it pertains to Defendants Scott Taylor or Jeff Mark. Discovery has long since expired in this case, and the only thing Plaintiff has apparently done in discovery is identify causes of action without sufficient factual support to maintain them in the face of Defendants' Motion.

**IT IS THEREFORE ORDERED:**

**GRANTING** Defendants' Motion (Doc. 45), dismissing Plaintiff's Complaint, and terminating this lawsuit.

Dated this 7th day of March, 2023.

_____
G. Murray Snow
Chief United States District Judge